## Blackburn v. Blackburn.

Nov. 23, 1943.

Stephens L. Blakely for appellant.

John P. Strother for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

On February 23, 1938, appellee, Ruth Lee Wood Blackburn, filed her petition in equity, wherein she sought a judgment of divorce from the bonds of matrimony with appellant, Helmuth Blackburn. Summons and notice to take depositions were executed, but no answer was filed. On Monday, April 18, 1938, depositions of divers witnesses were taken by appellee, and on that date the Court made a memorandum on the cover of the record in the following words: "Judgment for plaintiff on payment of costs. Rest. of maiden name Woods. April 18, 1938, J. N." It is admitted that the abbreviation "Rest." is for the word "restoration," and that J. N. are the initials of Honorable Johnst Northcutt, who at that time was the Judge of the Kenton Circuit Court, Criminal, Common Law and Equity Division. No formal judgment was ever entered on the order book of the Court, and the defendant made no payment of the costs. His mother, however, did pay the costs, the last payment of which was made on May 11, 1941. In the meantime, Honorable Joseph P. Goodenough was elected to succeed Honorable Johnst Northcutt as Judge of the Court in which the action was pending. On December 1, 1942, plaintiff filed her motion in the Clerk's office to dismiss the action without prejudice. No notice was given to the defendant of this motion. However, on the same day an order was entered sustaining the motion. In the meantime, to-wit, June 9, 1939, a child was born to the couple. On August 19, 1940, appellant entered the

Naval service of the United States, and has been in such service continuously since. In letters addressed to his wife dated March 5, March 15, and April 11, 1942, appellant referred to the child as his son, and expressed the hope that his wife and son would come to San Francisco, where he was then stationed, and again make their home with him. One of the letters was signed, "(Still your) Husband, Helmuth Blackburn."

On January 13, 1943, Honorable Stephens L. Blakely, attorney of record for appellant, filed a motion in appellant's name to set aside the entry of dismissal and have the judgment for divorce entered nunc pro tunc. It appeared that the motion was made upon request of the mother of appellant, who claimed to the attorney for appellant that she was acting at appellant's request. On March 9, 1943, the Court entered an order overruling the motion to enter the nunc pro tunc judgment.

It is conceded that it is within the sound discretion of the Court to dismiss an action without prejudice, even after it has been finally submitted for judgment; but it is insisted that when such action is not based on the exercise of a discretion in its legal sense, it is, legally speaking, an arbitrary act. It is argued that the dismissal of the action occurred after the Court lost jurisdiction of the case, because the judgment of the Court came into existence when the memorandum on the folder was made, and was final, even though its recordation was withheld pending the payment of the costs, and the Kenton Circuit Court, being a court of continuous session, had no jurisdiction of its judgments after the expiration of sixty (60) days from the date the memorandum indicated the judgment should have been entered.

Section 756 of the Civil Code of Practice provides: "Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof; * * *."

Conceding, without deciding, that the Court erred in the respects contended, the judgment, had it been entered, would have been against appellant in favor of appellee. Appellant did not answer, counter-claim, or otherwise seek a divorce from appellee. The alleged error, therefore, was not prejudicial to him, on which account he will not be heard to complain.

Wherefore, the orders complained of are affirmed.

Whole Court sitting.