## 18156

Elsie CASE, Respondent, v. Wallace F. CASE, Appellant

(134 S. E. (2d) 394)

*Messrs. McDonald & Cox,* of Greenville, *for Appellant,*

*Sol E. Abrams, Esq.,* of Greenville, *for Respondent,*

January 15, 1964.

TAYLOR, Chief Justice.

Action for divorce was commenced in October, 1961. In due time, the defendant filed his return; and subsequently thereto, the Honorable J. Wilbur Hicks, Judge of Juvenile and Domestic Relations Court of Greenville County, issued an Order, dated October 31, 1961, granting temporary relief to plaintiff. No answer or other pleading was interposed by defendant.

In the prayer of her complaint, plaintiff asked for a divorce absolute from the defendant, custody of the minor children, temporary and permanent support for herself and the minor children, and for attorney's fees.

When the matter was heard on its merits, sufficient evidence was offered to support the granting of an absolute divorce to plaintiff on the grounds of desertion; however, no Order or Decree granting a divorce was ever signed.

In Sepember, 1962, defendant gave notice that he would appear before the trial Court and move for the issuance of an Order granting an absolute divorce in accordance with an alleged verbal Order of the Court to that effect issued at the time the matter was heard on its merits. During the hearing on the above motion, plaintiff asked for a nonsuit as to her demand for a divorce and Judge Hicks in his Order of October 1, 1962, ordered that the divorce action be dismissed and ended and that the Order granting plaintiff temporary relief be continued in full effect. Defendant appealed to the Circuit Court; and in his Order of April 19, 1963, the Honorable Frank Eppes affirmed the trial Court. This appeal followed.

Motions for nonsuit are not entertained or granted in suits in equity, *Jefferson Standard Life Insurance Company v. Boddie et al.,* 202 S. C. 1, 23 S. E. (2d) 817; *Romanus v. Biggs et al.,* 217 S. C. 77, 59 S. E. (2d) 645; therefore, plaintiff's motion and the Court's treatment

thereof are not technically accurate in referring to the motion as one for a voluntary nonsuit. In *Romanus v. Biggs,* the motion for nonsuit was treated by this Court as though a motion for discontinuance. Here the plaintiff's motion was evidently treated by the trial Judge as though it were for the withdrawal of a portion of the demand for relief and will be so treated by us.

The question presented on appeal is whether the trial Court erred in allowing plaintiff to withdraw her demand for a divorce absolute after the hearing on the merits rather than issuing its written Decree of divorce on defendant's motion.

Defendant's contention that during the hearing on the merits the trial Judge orally declared that he would grant plaintiff a divorce on the grounds of desertion is supported to some extent by the transcript of record. In Judge Hick's Order of October 1, 1962, in which plaintiff was allowed to withdraw a portion of her demand the following is found:

"This matter was heard in due course on its merits at which time a divorce was granted verbally and the attorneys were instructed to draw an Order subject to certain agreements which were to be worked out between the attorneys." The trial Court on December 10, 1962, certified an Amended Narrative Statement of Proceedings to be used by the parties in the appeal to the Circuit Court. The following appears in that statement: "* * * the Court issued its verbal Order that it would grant plaintiff an absolute divorce on the grounds of desertion when a proper Order was presented by the attorneys."

"Ordinarily a judgment should be entered on the basis of a decision in writing, and may not be predicated merely on the opinion, oral direction, or unsigned memorandum of the Court, * * *" 49 C. J. S., Judgments, § 45, p. 107.

The rendition of judgment is the judicial act of the Court and the mode and sufficiency of rendering judgment is controlled by statute. Section 10-1510,

Code of Laws of South Carolina, 1962, reads, in part, as follows: "Upon the trial of a question of fact by the court its decision shall be given in writing * * *."

In *Blackburn v. Blackburn,* 295 Ky. 856, 175 S. W. (2d) 996, the defendant in a divorce action neither answered, counterclaimed, nor otherwise sought divorce from plaintiff. The Court held a dismissal of the action before final entry of judgment but after a memorandum of judgment was made was not prejudicial to defendant.

In *Norwood v. Norwood,* 333 Ill. App. 469, 77 N. E. (2d) 552, the trial Court, at close of hearing, indicated that a "decree" would be entered for plaintiff. The Illinois Court of Appeals held such an announcement was not the entry of a Decree such as would prevent dismissal upon sufficient showing by plaintiff.

In South Carolina as a general practice the Judge prepares his own Order or Decree or he may direct the attorneys to prepare the Order or Decree for his approval. It was said in *Archer v. Long,* 46 S. C. 292, 24 S. E. 83: "Until the paper has been delivered by the judge to the clerk of the court, to be filed by him as an order in the case, it is subject to the control of the judge, and may by him be withdrawn at any time before such delivery. In the case of *Genobles v. West,* 23 S. C. [154] 160, the circuit judge well says: 'A judgment is the final determination of the rights of the parties in an action. While the written instrument purporting to be the judgment in a cause remains in the possession of the judge who is to pronounce it, it is of no effect, and like a deed not delivered. * * *' " Even if as contended by defendant the trial Judge granted an oral divorce to plaintiff such pronouncement is not a final ruling on the merits nor is it binding on the parties until it has been reduced to writing, signed by the Judge and delivered for recordation. The Decree must be in writing and until such time the Judge may modify, amend or rescind such an oral Order.

452

The Courts of this State have uniformly encouraged the dismissal of divorce actions and the reconciliation of the parties in compliance with Section 20-110, Code of Laws of South Carolina, 1962, to the effect that no divorce shall be granted until the Court makes an earnest effort to bring about a reconciliation of the parties if they appear before him. The State by virtue of its interest in the continuance of the marriage has a definite interest in protecting the marriage relation even to the extent of encouraging dismissal of divorce actions. See *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330. Defendant, however, would have the Court grant plaintiff, who was the moving party, a divorce when she has withdrawn her request and presently does not desire it.

"To say that the guilty party in a divorce action has a personal right to insist that the divorce be granted against the wishes of the innocent spouse would indeed be an innovation in the law. * * * In view of his guilt, the option rested entirely with the injured wife whether she would ever ask for a divorce or whether she would continue with the proceeding once it was started. To permit him now to insist upon a final decree would be to grant him a divorce indirectly when by the findings of this Court he has no right to obtain one directly." *Vinyard v. Vinyard,* 4 Terry 422, 43 Del. 422, 48 A. (2d) 497.

In *McLaughlin v. McLaughlin,* 44 R. I. 429, 117 A. 649, the Court said: "* * *, the law will not force a divorce upon a party entitled to it under the statute, if he does not then desire it. Nor should the court listen to the guilty spouse demanding an advantage from wrongdoing. From these principles the rule arises that it is error to enter a final decree for divorce against the wish of a petitioner in whose favor a decision has been given."

In accordance with the foregoing, the complaining party may dismiss her action or withdraw a portion thereof before the final decree of the Court in the ab-

sence of a showing that some peculiar right of the defendant or public demand otherwise.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.