19827

Patricia Lynch HOLMAN, Appellant, v. George C. HOLMAN, Respondent

(205 S. E. (2d) 382)

*Messrs. Culbertson and Whitesides,* of Laurens, *for Appellant,*

*Messrs. Townsend and Thompson,* of Laurens, *for Respondent,*

May 21, 1974.

LEWIS, Justice:

Plaintiff instituted this action against her husband for a divorce on the grounds of adultery and physical cruelty. The lower court found that she was entitled to a divorce on the ground of adultery and subsequently entered a final decree so holding. The final decree was entered, however, over the objections of plaintiff, who indicated to the court indecision as to whether she desired to proceed to final judgment in the matter. Plaintiff has appealed from the entry of the final divorce decree, contending that the court erred in granting the divorce over her objections. Whether or not the court so erred is the only question which we need decide.

The complaint for divorce was filed on April 6, 1973; and defendant filed an answer on June 15, 1973, in which he denied the allegations of the complaint and asked that the complaint be dismissed. A hearing was subsequently held on the merits and the trial judge announced that the defendant-husband was found guilty of adultery, but the court took under advisement questions concerning property settlement, alimony, and attorney's fees. Subsequently, after hearing further arguments of counsel, the court made an oral ruling on July 6, 1973, that an award would be made to the wife of $200.00 per month as alimony, one-half interest in the personal effects and household goods, and an attorney's fee to her attorney of $500.00, $100.00 of which had been previously ordered. The wife's claim for an equitable division of the real property of the husband was denied.

On July 27, 1973, the attorneys for the parties, at the request of counsel for the defendant, appeared before the court, at which time defendant's counsel insisted that a written, final decree of divorce be granted in accordance with the court's prior oral rulings. Plaintiff, through her attorney, objected to entry of a final divorce decree on the ground that "Plaintiff desired to give the matter further thought before being finally divorced." The court then ruled that plaintiff could submit to a nonsuit or a final decree of divorce, but must decide within ten (10) days as to which she wanted to do.

On August 7, 1973, at the expiration of the foregoing ten (10) day period, a further hearing was held, at which time plaintiff informed the court that she still had not made up her mind as to whether she wished to proceed with the final decree and did not desire to make a decision at that time. Whereupon the court informed plaintiff that, unless she advised the court during the day (August 7th) as to her wishes, a final decree of divorce would be entered as requested by defendant.

Plaintiff did not communicate with the court on August 7, 1973, as directed, and a final divorce decree was entered on the following day, August 8, 1973, incorporating the prior rulings of the court with reference to division of the personal property, support, and counsel fees.

Since the complaint was filed on April 6, 1973, a final decree of divorce could not have been entered until the lapse of ninety (90) days, *i. e.* on or about July 7, 1973. Section 20-108, 1962 Code of Laws. Twenty days after the date, on July 27, 1973, defendant appeared before the court insisting that a final decree be entered. Ten days later, on August 7th, just thirty (30) days after the earliest date on which the final divorce decree could have been entered, the court, over plaintiff's objections, entered the final decree requested by defendant.

Defendant had been found guilty of adultery and could not have obtained a divorce from the wife. As the guilty party, he had no right to dictate the entry of a decree releasing him from the bonds of matrimony. The result of the entry of the order of the lower court was to indirectly grant defendant a divorce which his wrongdoing would have prevented him from obtaining otherwise.

The present record shows that the wife advised the court that she was undecided as to whether she wished to proceed with the action to a final decree. Her expressed indecision was tantamount to advising the court that she did not desire a divorce at that time.

> Under the foregoing facts, the court was in error in entering the final divorce decree. *Case v. Case,* 243 S. C. 447, 134 S. E. (2d) 394.

*Case* involved an action for divorce. After proof of desertion, entitling plaintiff to a divorce, an oral announcement by the court was made that a decree of divorce on that ground would be granted. Subsequently, the defendant moved for the issuance of an order on that ground.

At the hearing, plaintiff's request for a nonsuit as to her demand for divorce was granted and defendant appealed. The court affirmed the order granting the nonsuit on the ground that defendant, the guilty spouse, had no right to demand that the final decree of divorce be granted, even though an oral decision had been announced that such a decree would be later entered. The option rested entirely with the innocent party whether a divorce would ever be sought or whether the divorce action would be continued once it was started. The reasoning of the court was that the law, which favors the dismissal of divorce actions and the reconciliation of the parties, will not force a divorce upon a party entitled to it, if he does not then desire it. The court quoted the following from *Vinyard v. Vinyard,* Del., 48 A. (2d) 497: "To permit him (the guilty spouse) now to insist upon a final decree would be to grant him a divorce indirectly when by the findings of this Court he has no right to obtain one directly."

The right of the court to dismiss an action for divorce for failure of the prevailing party to seek a final decree is not here involved. See: Annotation: 151 A. L. R. 849. We simply decide that, under the present facts, the court was in error in entering the final divorce decree when the plaintiff indicated that she did not desire a divorce at that time.

While the wife has argued exceptions to the provisions of the decree relating to the settlement of property rights and support, these are not considered. These issues are best decided in the light of the wife's final decision on the question of divorce. The final order of the lower court is accordingly reversed, leaving all issues with reference to the entry of a final divorce decree, permanent support, and counsel fees for further consideration on remand.

Reversed and remanded.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.