## 19868

Jo Beth Hillhouse MOESLEY, Appellant, v. Lewis Gerrard MOESLEY, Respondent

(207 S. E. (2d) 403)

*James C. Cothran, Jr., Esq.,* of *Johnson, Smith & Hibbard,* Spartanburg, *for Appellant,*

*James O. Thomason, Esq.,* of Spartanburg, *for Respondent,*

Aug. 5, 1974.

BRAILSFORD, Justice:

In this action in the Family Court of Spartanburg County the wife's complaint alleged that the husband had put her out of the marital home, had refused to allow her to return or to live with her as her husband and had refused to adequately support her. *Inter alia,* the complaint prayed for support for herself and child and for permanent division of the property of the spouses. The agreed statement reflects that after several hearings and lengthy negotiations the parties agreed upon a property settlement by which each spouse should receive one-half of the net proceeds of the sale of the family residence; a 1970 Pontiac automobile was allotted to the wife; a boat and motor were allotted to the husband, and the division of other personal property was specified. The terms of this agreement were incorporated into a decree of the court which recited that it was a complete and final settlement of all property rights between the parties. The decree was issued August 10, 1973, and was consented to by the attorneys for both husband and wife.

The parties were next in court on October 19, 1973, on a rule to show cause issued on the wife's petition alleging that the husband had refused to comply with the decree by transferring the Pontiac automobile and delivering the other personal property allotted to her.

No written return to the rule was made, but the husband testified that he had refused to comply with the decree on advice of counsel because the wife's father, the operator of a garage in Anderson where the boat had been stored for some two years, had asserted a large claim for storage fees and services, and had refused to surrender the boat to him. The husband testified that he had been offered $2600.00 for the boat and motor by one prospective purchaser and $2800.00 by another. Prior to the hearing, the wife's father had brought suit on his claim against the husband in an Anderson County Court, where the litigation is pending.

The wife testified that she was not involved in the controversy between her father and husband and had requested the former to surrender the boat to the latter.

Prior to the hearing, the residence had been sold for a net of $6,086.00. No part had been paid to the wife, but the husband's attorney stated that he was holding her share of the money in escrow.

Although the only issues before the court were those arising on the wife's petition to enforce the consent decree, the court handed down an order on November 1, 1973, which, after reciting that the husband had been refused possession of the boat and had in turn refused to deliver to the wife the property allotted to her, directed that $2700.00 of the escrow money be paid to the husband, the balance to be paid to the wife, and that the husband transfer the boat and motor to the wife. The order provided that in other respects the terms of the order of August 10, 1973, should remain in effect and directed that the parties forthwith comply with that order as amended.

On this appeal the wife challenges the authority of the court to amend the property settlement agreed to by the parties and incorporated into the decree of August 10, 1973.

Insofar as the decree deals with the custody and support of the couple's child, it is, of course, subject to change or modification as circumstances warrant. But the agreed division of property was intended by the parties to be a final division, and the decree expressly provided that it should be "a complete and final settlement of all property rights. . . ." The decree of August 10, 1973, is a final judgment as to the property settlement to which the doctrine of *res judicata* is fully applicable. *Cf. Piana v. Piana,* 239 S. C. 367, 123 S. E. (2d) 297 (1961). It stands as a bar to further litigation between the parties concerning the division of the covered property. Quite clearly, the court exceeded its authority when it undertook, *sua sponte,* to materially alter the terms of the settlement to the clear detriment of the wife.

The wife's petition for the rule to show cause on which this matter was heard included a prayer for an attorney's fee. The court below, evidently regarding the claim of the wife's father as an unwarranted interference with the execution of the property settlement and attributing his conduct to his daughter, took no notice of this claim. There is no evidence in the record to support such an imputation; nor does the record show whether or by what means, other than by the prayer of the petition, the wife's claim to an attorney's fee was presented to the lower court. If the wife, acting in good faith, was forced to resort to these proceedings by the husband's contumacy, a reasonable allowance for an attorney's fee should be made. Otherwise, by his fault, she will receive less than he agreed that she should have and less than the court awarded her. *Cf. Alexander v. Alexander,* 164 S. C. 466, 162 S. E. 437 (1932), *Grossman v. Grossman,* 242 S. C. 298, 130 S. E. (2d) 850 (1963).

Reversed and remanded for further proceedings consistent herewith, including consideration of the wife's claim to an attorney's fee.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.