20859

Sandra Jean FISCHL, Respondent, v. Henry Joseph FISCHL, Appellant.

(251 S. E. (2d) 743)

*W. N. Moore, Jr.,* and *Robert L. Jackson,* of *Jackson & Moore,* and *Randall M. Chastain,* Columbia, *for appellant.*

*Jan L. Warner,* of *Weinberg, Warner, Brown & McDougall,* Sumter, *for respondent.*

January 24, 1979.

LITTLEJOHN, Justice:

Sandra Jean Fischl (wife) brought an action for divorce against Dr. Henry Joseph Fischl (husband) on the ground of adultery. The husband answered the complaint, asked that it be dismissed and that the wife and child of the marriage be required to return to his residence.

A temporary order regarding support, etc., was issued by the court. Prior to a final hearing of the case on its merits, the parties reached an agreement encompassing child custody, child support, visitation, property division and a stipulation that no alimony be paid. They agreed that the wife would withdraw her allegation of adultery and that the husband would amend his answer to allege an action for divorce on the ground of desertion by the wife.

At the scheduled hearing on March 27, 1978, in the presence of the judge, counsel for the wife recited the agreement into the record. The judge allowed the husband to amend his pleadings. Both the wife and the husband indicated a complete understanding and approval of the entire agreement. The court then proceeded to take the testimony of the husband and his witnesses. Inferentially, the showing

was sufficient and the judge apparently planned to prepare and file a final decree. He orally stated: ". . . that reconciliation is impossible."

Some two weeks later, on April 14, 1978, the husband, having obviously changed his mind, filed a motion asking:

". . . for an Order directing the subject divorce action to be fully litigated in all respects including but not limited to the divorce requested by Petitioner [wife], child custody, child support and property and support and other matters as may come before the Court, to allow both the Petitioner and the Respondent a full hearing as to the merits of this divorce action, . . ."

Counsel for the wife moved for an order holding the husband in contempt for violating the agreement. The judge subsequently issued an order confirming the in-court agreement as to division of property, child custody, child support, visitation, and no alimony. He ordered a subsequent hearing to determine the application of the wife for a divorce on the ground of adultery as set forth in the wife's original complaint. The husband has appealed, alleging that the judge erred in enforcing the agreement, because it was made in contemplation of a divorce which is now uncertain. He further asserts that the judge failed to examine the adequacy of the consideration flowing to him, and asserts that it involved a collusive divorce.

The judge, citing *Case v. Case,* 243 S. C. 447, 134 ■ S. E. (2d) 394 (1964), held that the husband had the right to withdraw his action for divorce. The wife does not contest this facet of his ruling, and we agree that the husband had this option.

This leaves the wife's action for divorce in a status ■ of "to be litigated." Property settlement, child custody, child support and alimony are incidental to divorce. Here we have the unusual situation of these issues having been settled by the court before it has been determined whether there will or will not be a divorce. Conceivably, the husband and wife may be reconciled; the wife

may procure a divorce on the grounds of adultery, or the wife may be denied a divorce. Certainly, if it develops that the marriage is not dissolved, the matters heretofore determined by the court should be reevaluated. In the last analysis, the court may direct the settlement which was agreed upon, but a determination of the issues which the court has already attempted to settle, should await a hearing of the application for divorce on its merit. In *Holman v. Holman*, 262 S. C. 469, 205 S. E. (2d) 382 (1974), this court held that property rights and support matters ". . . are best decided in the light of the wife's final decision on the question of divorce." In that case, we left all issues relative to permanent support and counsel fees for further consideration after the case was determined on its merits.

When property rights, custody, support and alimony must be determined incident to a divorce proceeding, this court has encouraged litigants to reach an agreement, but this does not relieve the complaining party of the burden of establishing facts warranting a divorce. Here the agreement obviously contemplated a final decree of divorce. It was the duty of the judge to rule upon the fairness of the settlement in light of the showing which was made. When the matter is again litigated, the showing will be grossly different and the judge will exercise his discretion based upon the facts as they come to be developed at the trial.

The husband argues that the agreement should be dishonored because collusion was involved. On this issue it is sufficient to say that it will be the duty of the judge at the new trial to determine whether there is or is not collusion warranting a dismissal of the action.

The judge correctly allowed the husband to withdraw his claim for divorce; he erred in undertaking to enforce the agreement. The case is remanded for a full trial *de novo* on all issues.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.