## 20901

Johnsie F. LILES, Respondent, v. Harold J. LILES, Appellant.

(252 S. E. (2d) 886)

*Thomas H. Dale* and *J. Leeds Barroll,* Columbia, *for appellant.*

*Henry W. Kirkland,* Columbia, *for respondent.*

February 27, 1979.

Moss, Acting Associate Justice:

This appeal is from an order granting respondent, Johnsie Liles, a divorce from appellant, Harold Liles, on the ground of adultery, and confirming the parties' settlement agreement. We affirm.

The wife was awarded a divorce based on uncontested testimony of appellant's adultery. A property settlement agreement was read into the record, and counsel for appellant stated his client had authorized him to agree to it. A few days thereafter, prior to the issuance of the final decree, appellant's counsel advised the family court that the husband would no longer accept the settlement. Nevertheless, the family court issued a final decree of divorce, noting appellant's objection to the settlement, but ordering it to be carried out because it was just and equitable.

Appellant asserts that both the decree of divorce and the court-enforced property settlement were rendered void when he expressed his desire to reject the settlement. We disagree.

A moving party may rescind his divorce action even after the order is orally rendered. *Case v. Case,* 243 S. C. 447, 134 S. E. (2d) 394 (1964); *Harmon v. Harmon,* 257 S. C. 154, 184 S. E. (2d) 553 (1971); *Holman v. Holman,* 262 S. C. 469, 205 S. E. (2d) 382 (1974). Here, however, the husband was not the moving party, and objected only to the property settlement. His rejection of the settlement agreement, even if permitted, would not void the divorce decree.

Moreover, we conclude the husband may not disavow the settlement agreement after his attorney orally ratified it in court. Counsel for appellant ad-

mitted that Mr. Liles was intentionally absent from court on the day of the hearing, and had authorized him to accept the settlement agreement on his behalf.

Recently in *Bugg v. Bugg,* 249 S. E. (2d) 505 (S. C. 1978), we held that an out-of-court, unsigned property agreement, adopted by the court, could be rescinded by the wife. We stated:

"Whether the parties to an oral or informal agreement became bound prior to the execution of a contemplated formal writing is a question depending largely upon their intention. This principle is sometimes expressed as whether they intend the formal writing to be a condition precedent to the taking effect of the agreement. Where it is determined that the parties intended not to be bound until the written contract is executed, no valid and enforceable obligation will be held to arise." 249 S. E. (2d) at page 507.

The facts in *Bugg v. Bugg, supra,* clearly indicated the parties contemplated the execution of a formal written agreement. Here, however, the settlement agreement was read into the record and appellant's counsel thereupon advised the court that Mr. Liles authorized and agreed to it. There is nothing to indicate the parties envisioned the execution of a more formal document prior to the finality of the settlement agreement. Accordingly, we conclude the settlement agreement became binding when it was read into the record, ratified by both parties, and accepted by the court.

We affirm.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, J,J. concur.