21919

Patricia Moore LUCAS, Appellant, v. Ernest Wendell LUCAS, Respondent.
(302 S. E. (2d) 863)

Affirmed in part; reversed in part.

*Brooks P. Goldsmith,* of *Thomas, Rushing, Goldsmith & Folks,* Lancaster, *for appellant.*

*Paul E. Short, Jr.,* of *Strickland, Short & Keels,* Chester, *for respondent.*

May 9, 1983.

LITTLEJOHN, Justice:

In this action, commenced in February, 1980, the Plaintiff-Appellant (Wife), sought (1) a divorce on the ground of physical cruelty, (2) alimony, (3) custody, (4) child support, (5) attorney fees, and (6) an equitable interest in certain real and personal property of the Defendant-Respondent (Husband). The Husband conceded the issue of custody, but contested the other issues and pled as a defense that the Wife's claims to alimony and property division were barred by virtue of a separation and property settlement agreement signed by the parties at the time of their separation approximately one year prior to the trial of the case on its merits.

The Wife and Husband were married in 1962. She worked a substantial portion of their married life, which ended in 1979.

About the time of their marriage, the Husband acquired a house and lot for some $1,200. Over the years, the Wife worked a sufficient period of time, to earn approximately $53,000. The couple shared expenses and spent approximately $20,000 improving the house which was their marital home. It was her testimony that they would take their respective paychecks each week, pay all current bills jointly, and then each keep what was left of his or her check. In addition, she attended to the family chores normally incident to housekeeping and homemaking. There can be no doubt but that her contributions to the marital properties was substantial over and above normal wifely duties in the home.

During the trial, the judge indicated prematurely that he would refuse the divorce on the ground of physical cruelty, whereupon the complaint was amended on Wife's motion to request alternatively a divorce on the ground of one year's separation. A divorce was granted the Wife, based on the amended pleadings. The judge granted her custody of the thirteen year-old son of the marriage and awarded her thirty dollars per week child support. The Wife's claim for alimony, equitable interest in the marital properties and attorney fees was denied.

The Wife has appealed alleging error on the part of the trial judge in refusing to grant a divorce on the ground of physical cruelty. She further alleges that the trial judge erred in holding the agreement "fair and equitable" and in refusing to grant her an equitable interest in the marital property, alimony and attorney fees.

It is obvious that the trial court's basis for denying alimony and equitable distribution of property was the separation and property agreement which the judge held to be fair and equitable.

Inasmuch as the Husband did not testify nor present witnesses to the court, it is difficult to fathom the reason for denying the divorce on the ground of physical cruelty, but inasmuch as the judge viewed the witnesses of the Wife and was the judge of their credibility, we will not reverse his holding in refusing a divorce on the ground of physical cruelty while granting the same on the ground of one year's separation. The judge is allowed a discretion, and on this particular point we will not hold that his discretion was abuse.

We now reach the question of what effect the separation agreement has on the issues before the Court and whether the judge properly ruled that the settlement was fair and equitable. The Wife did not have an attorney and the lawyer who drew the agreement was selected by the Husband. It was signed two days after the separation. She testified relative to her emotional situation:

> Well, I had real bad nerves and was upset at that time. The house wasn't in my name anyway, and I had to have a way back and forth, so I just settled for the car, and then my son came to live with me, and now we don't have anything.

The settlement agreement gave to the Wife the following property:

> 1. 1974 Ford Thunderbird automobile, presently titled in the name of the Husband, and Husband hereby agrees to transfer the title to said automobile to the name of Wife.
> 2. One stereo set, one large china closet, one small china closet, one coffee maker, one pillow, four or five sheets, one footstool, one flower cart, one crocheted bedspread, one crocheted tablecloth, one crocheted afghan, and one swinging macrame table.

The Wife relinquished her claim to all other personal property and to the marital home. She further released the Husband from "... alimony or any claim for separate maintenance and support." It was denominated a "... final and complete settlement of all the property rights, ...."

We held in *Drawdy v. Drawdy*, 275 S. C. 76, 268 S. E. (2d) 30 (1980):

> We think it incumbent on the family court, where one party seeks to enforce and the other to repudiate a property settlement agreement to be incorporated into a subsequent divorce decree, to satisfy itself the agreement is a fair contractual end to the parties' marital claims. This cannot be done without examining the agreement in light of the economic circumstances and contributions of each party. In this case evidence above and beyond whether the agreement was validly executed, which is virtually all

the family court considered, is essential to a determination of its fairness.

The agreement was obviously signed in contemplation of a divorce. It attempted to settle issues normally determined in divorce proceedings: It reserved ". . . all causes of action for divorce, . . . ." In several cases heretofore, we have encouraged parties to a marriage in pursuit of a divorce to settle property differences, but such must be fair and equitable and are subject to review by the court.

The agreement which the Wife seeks to repudiate would, if enforced, leave the Husband with basically all of the marital accumulations and would leave the Wife with substantially nothing. She has the duty of caring for the child of the marriage with a very minimum of child support.

We hold that under all of the facts, the agreement was not fair and equitable and should be voided.[1]

The Wife is entitled to participate in a distribution of the marital accumulation under both *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978), and *Parrott v. Parrott,* S. C., 292 S. E. (2d) 182 (1982).

In the light of our ruling, a new trial *de novo* is required on: (1) equitable distribution; and (2) alimony; and (3) attorney fees. Apparently, the court did not exercise a discretion on these three contentions of the Wife on the theory that the agreement foreclosed the issues. On remand, equitable distribution should be ordered. The alimony and attorney fees shall be ordered or denied as a matter of discretion.

Affirmed in part; reversed in part.

LEWIS, C. J., and NESS and HARWELL, JJ., concur.

GREGORY, J., not participating.

---

[1] This being an equity matter, we decided the issues in the light of our view of the preponderance of the evidence. *Townes v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).