22345

W. Ronald SMALL, Respondent, v. Mary P. SMALL, Appellant.
(332 S. E. (2d) 769)

Supreme Court

*F. Glenn Smith,* Columbia, *for appellant.*

*Jan L. Warner* and *C. Dixon Lee, III,* Sumter, *for respondent.*

July 1, 1985.

HARWELL, Justice:

This appeal involves a wife's attempt to repudiate a divorce settlement after it had been agreed upon in open court but before the final decree had been issued by the judge. The family court determined that under the circumstances of the present case, the final decree should be issued. We affirm.

On the date of the scheduled divorce hearing, the parties spent approximately five (5) hours in settlement negotiations and were able to reach an agreement. This agreement

was read into the record by the husband's attorney at the hearing. The parties were examined by their attorneys and by the trial judge concerning the agreement. Wife and Husband both unequivocally testified that they were satisfied with the agreement, that they entered the agreement voluntarily, and that they wanted the agreement to be made the order of the court.

Six days after the hearing but prior to the issuance of the final decree, Wife's counsel notified the family court judge that the Wife wished to reopen the matter and be granted a hearing. The Wife claimed that, due to her distraught emotional state, she had not fully comprehended the settlement terms. The judge reviewed the agreement and determined that it was fair and equitable and that the Wife had knowingly and voluntarily entered into it. The judge therefore issued the final decree.

Appellant contends that the trial court erred in allowing the agreement to be read into the record without first requiring that it be reduced to writing. The appellant relies on that portion of S. C. Code Ann. § 20-7-850 (1976 & Supp. 1984) which states, "where an agreement for the support of the petitioner is brought about, it must be reduced to writing, and submitted to the court for approval." However, Rule 14 of the Circuit Court Practice Rules clearly states that, "no agreement ... shall be binding unless ... reduced to the form of an order by consent and entered; or unless the evidence shall be in writing . . .; *or unless made in open court and noted by the presiding judge* or the stenographer on his minutes by the direction of the presiding judge." (emphasis added).

Appellant's contention that Circuit Court Rule 14 is not applicable to settlement agreements in domestic litigation is directly contradicted by a footnote in *Bugg v. Bugg*, 272 S. C. 122 at 125, 249 S. E. (2d) 505 at 507 (1978) which provides, "for the procedures appropriate to court settlements, see § 14-21-850 (now § 20-7-850), S. C. Code of Laws (1976), and *Circuit Court Rule Number 14, the latter made applicable by Family Court Rule Number 3.*" (emphasis added). The provisions of S. C. Code Ann. § 20-7-850 (1976 and Supp. 1982) plainly do not supersede the provisions of Rule 14 of the Circuit Court Rules of Practice

but, in fact, complement the same by establishing that out of court agreements should be reduced to writing and submitted to the court for approval. An in-court agreement, such as the one in this case, is plainly distinguishable and falls within the purview of Rule 14 of the Circuit Court Rules of Practice.

Appellant also contends that the trial court erred in providing that the court shall retain no subject matter jurisdiction to change support payments until after April of 1986. Respondent readily admits that the family courts may always modify child support on a proper showing, *Smith v. Smith*, 275 S. C. 494, 272 S. E. (2d) 797 (1980), and that the family courts have continuing jurisdiction to do whatever is in the child's best interest regardless of what the separation agreement provides, *Moseley v. Mosier*, 279 S. C. 348, 306 S. E. (2d) 624 (1983). Obviously, the trial court did not divest itself of jurisdiction to do whatever is in the best interest of the minor children.

A further contention of the appellant is that the trial court should have conducted a hearing on the merits once the Wife notified the court of her desire to disavow the agreement. In the case at bar, the Husband was the party who originally filed for a divorce. The Wife subsequently counterclaimed. While the Wife may have been entitled to rescind and abandon her counterclaim for divorce, she was not in a position to halt the Husband's action for divorce or rescind the in-court agreement. *See Liles v. Liles*, 272 S. C. 511, 252 S. E. (2d) 886 (1979). Unlike the situation in *Bugg v. Bugg*, 272 S. C. 122, 249 S. E. (2d) 505 (1978), there is no indication that the parties intended not to be bound by the agreement until it was embodied in a formal written contract.

The appellant's remaining exceptions are without merit and are therefore affirmed pursuant to Rule 23.

The order of the family court is, accordingly,

Affirmed as modified.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.