**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Brenda Faye Bradberry, Appellant,

v.

William David Bradberry, Respondent.

Appellate Case No. 2014-000612

Appeal From Anderson County
Henry T. Woods, Family Court Judge

Unpublished Opinion No. 2016-UP-425
Heard September 21, 2016 – Filed October 12, 2016

**AFFIRMED**

William E. Phillips, of Anderson, for Appellant.

David James Brousseau, of McIntosh, Sherard, Sullivan
& Brousseau, of Anderson, for Respondent.

**PER CURIAM:** In this divorce action, Brenda Bradberry (Wife) appeals the family court's order, arguing (1) the family court erred by failing to award alimony to Wife based on the duration of the marriage, the incomes of the parties, and other relevant factors and (2) the family court erred by failing to grant Wife a divorce based upon the ground of adultery. We affirm pursuant to Rule 220(b), SCACR and the following authorities:

1. As to issue 1: *King v. King*, 384 S.C. 134, 142, 681 S.E.2d 609, 614 (Ct. App. 2009) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial court."); *Miller v. Miller*, 375 S.C. 443, 460, 652 S.E.2d 754, 763 (Ct. App. 2007) ("A party must make a post-trial motion where there are inaccuracies in the order or inconsistencies between an oral ruling and a written order."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("[A] losing party must first try to convince the lower court is has ruled wrongly and then, if that effort fails, convince the appellate court that the lower court erred."); *Mick-Skaggs v. Skaggs*, 411 S.C. 94, 101-02, 766 S.E.2d 870, 873-74 (Ct. App. 2014) (finding the family court acted within its discretion in awarding the parties a divorce on the ground of one year's continuous separation rather than adultery); *id.* at 102, 766 S.E.2d at 874 (holding "because the granting of a divorce to Wife on the ground of adultery would not have dissolved the marriage any more completely, we need not alter the family court's decision on this issue"); *id.* at 102, 766 S.E.2d at 874 (noting "the family court was in the best position to assess the parties' and witnesses' testimony as well as the evidence presented in determining which ground for divorce was most appropriate under the circumstances"); *Lucas v. Lucas*, 279 S.C. 121, 123, 302 S.E.2d 863, 864 (1983) (finding it was within the family court's discretion to deny a divorce on one ground and grant it on another ground).

2. As to issue 2: S.C. Code Ann. § 20-3-130(C) (2014) (detailing the fifteen factors family courts should consider when determining whether to award alimony); *King*, 384 S.C. at 142, 681 S.E.2d at 613 ("The family court is only required to consider relevant [alimony] factors."); *Davis v. Davis*, 372 S.C. 64, 79, 641 S.E.2d 446, 453-54 (Ct. App. 2006) ("An award of alimony rests within the sound discretion of the family court and will not be disturbed absent an abuse of discretion."); *Bodkin v. Bodkin*, 388 S.C. 203, 215, 694 S.E.2d 230, 237 (Ct. App. 2010) ("An abuse of discretion occurs when the decision is controlled by an error of law or is based on factual findings without evidentiary support."); *Allen v. Allen*, 347 S.C. 177, 186, 554 S.E.2d 421, 425 (Ct. App. 2001) ("Our inquiry on appeal is not whether the family court gave the same weight to particular factors as this court would have; rather, our inquiry extends only to whether the family court abused its considerable discretion in assigning weight to the applicable factors."); *Reiss v. Reiss*, 392 S.C. 198, 208, 708 S.E.2d 799, 804 (Ct. App. 2011) ("Alimony is a substitute for the support normally incident to the marital relationship and should put the supported spouse in the same position, or as near as is practicable to the same position, enjoyed during the marriage."); *Smith v. Smith*, 327 S.C. 448, 463, 486 S.E.2d 516, 523-24 (Ct. App. 1997) (noting fault is an appropriate factor for consideration in

determining alimony in cases in which the misconduct affected the economic circumstances of the parties or contributed to the breakup of the marriage); *Bodkin*, 388 S.C. at 217, 694 S.E.2d at 238 (noting the appellate court's role is not to reweigh the alimony factors).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**