21241

Brenda Jones DRAWDY, Appellant, v. John Wesley DRAWDY, Respondent.

(268 S. E. (2d) 30)

*Victoria L. Eslinger* of *Eslinger, Furr & Delgado,* Columbia, *for appellant.*

*Charles N. Mayfield,* Columbia, *for respondent.*

May 28, 1980.

GREGORY, Justice:

This appeal is from a divorce decree granting appellant Brenda Jones Drawdy a divorce from respondent John Wesley Drawdy on the ground of adultery. The decree incorporates a property settlement agreement entered into by the parties. The family court ruled the agreement was valid, binding and dispositive of all support and property issues without hearing testimony or admitting evidence on the relative financial standing and comparable wealth of the parties. We reverse and remand.

We have recently emphasized the duty of the family court to rule upon the fairness of a property settlement agreement reached by the litigants before incorporating it into the decree. *McKinney v. McKinney,* S. C., 261 S. E. (2d) 526 (1980); *Fischl v. Fischl,* 272 S. C. 297, 251 S. E. (2d) 743 (1979). This is especially critical where, as here, one of the parties contests an agreement which was hastily drawn, contains no specific provision for or waiver of alimony and was admittedly not reached in contemplation of a final divorce. Here the family court held it binding and dispositive without finding it fair.

We think it incumbent on the family court, where one party seeks to enforce and the other to repudiate a property settlement agreement to be incorporated into a subsequent divorce decree, to satisfy itself the agreement is a fair contractual end to the parties' marital claims. This cannot be done without examining the agreement in light of the economic circumstances and contributions of each party. In this case evidence above and beyond whether the agreement was validly executed, which is virtually all the family court considered, is essential to a determination of its fairness.

The enforcement of Family Court Rule 19 may prove most helpful in situations where the fairness of a property settlement agreement is contested. That rule provides:

## RULE 19

*Financial Statement*—A current financial declaration in the form prescribed by Appendix A shall be served and filed by any petitioner or respondent appearing at any hearing at which the Court is to determine an issue as to which such declaration would be relevant and so much thereof shall be completed as is applicable to the issue to be determined, unless otherwise ordered by the Court in which the proceeding is pending.

Property settlement agreements are praiseworthy products of cooperation between parties seeking a divorce. They also serve to decrease the workload on our family courts and thereby enhance judicial efficiency. But such an agreement "is nevertheless finally subject to the duty of the Family Court judge to rule upon its fairness", *McKinney v. McKinney, supra,* 261 S. E. (2d) at 527, and on remand the family court shall receive evidence in aid of this determination.

Here, a complete disclosure by way of financial statements from both Mr. and Mrs. Drawdy and the proffered but rejected testimony of their respective economic circumstances and contributions would benefit the family court. With this relevant evidence before it, the family court can then determine if the agreement fairly disposed of all support, alimony and property issues.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.