0096

Jayne McDaniel FUNDERBURK, Respondent, v.
Carlton L. FUNDERBURK, Appellant.

(315 S. E. (2d) 126)

Court of Appeals

*Stephen R. Fitzer* and *Costa M. Pleicones,* Columbia, *for appellant.*

*C. Rauch Wise* and *Joseph M. Pracht,* Greenwood, *for respondent.*

Feb. 24, 1984.

GARDNER, Judge:

The appealed order, dated August 13, 1981, granted a divorce to respondent Wife on the ground of adultery and held that the family court had no jurisdiction over a contract under which the appellant Husband had conveyed his one-half interest in the marital home to the Wife and division of personal property was made. We affirm.

The appealed order held the contract and deed to be contractual in nature and not within the jurisdiction of the family court. On appeal, appellant Husband contends this ruling is erroneous. The trial court did not err in so ruling and we so hold. At the time of the entry of the appealed order, family courts did not have jurisdiction over executed marital contracts. *Fielden v. Fielden,* 274 S. C. 219, 262 S. E.

(2d) 43 (1980); *Kelly v. Edwards,* 276 S. C. 368, 278 S. E. (2d) 773 (1981); this was changed prospectively by *Moseley v. Mosier,* 279 S. C. 348, 306 S. E. (2d) 624 (1983).

The contract before us clearly stipulates that the parties agreed the instrument was a *final* disposition of all personal property and real estate of the parties. The division of personal property by the terms of the contract was to be made *immediately.* A deed of the Husband's half interest in the marital home was executed and delivered simultaneously with the execution of the contract. The trial judge questioned the Husband to establish that the contract was executed and found that it had been, although a small debt assumed by the Husband had not been paid in full. We find the contract was clearly an executed one by which both Husband and Wife *divided* and *disposed* of the marital estate and agreed that the disposition was *final.* By its terms, it was not contemplated by the parties to be subject to approval of the family court in a divorce action.

The factual situation of this case differs from the rule applied in *Drawdy v. Drawdy,* 275 S. C. 76, 268 S. E. (2d) 30 (1980). In *Drawdy* the court required that the family court pass upon the fairness of a *separation agreement* to be incorporated in a divorce decree. In the instant case, the trial judge determined that the contract of the parties by its terms was a final and executed contract, not within the jurisdiction of the family courts at the time; for this reason, he refused to consider incorporating the contract in the divorce decree and referred the parties to the Court of Common Pleas.

Although this decision would be different had the decree postdated *Moseley v. Mosier, supra,* the trial court in 1981 properly ruled, under the circumstances, that the subject matter of the contract was contractual and the family court had no jurisdiction over actions in contract. *Fielden v. Fielden, supra.*

Appellant urges that the contract and deed were executed as a result of the overreaching of respondent's attorney. This question is not properly presented for our review. The family court did not have jurisdiction to decide the question, and, therefore, we cannot read it on appeal from the family court's order. *Kelly v. Edwards, supra.*

We find no error in the appealed order.

Affirmed.

SANDERS, C. J., and BELL, J., concur.