22272

Jayne McDaniel FUNDERBURK, Respondent, v.
Carlton L. FUNDERBURK, Appellant-Petitioner.

(332 S. E. (2d) 205)

Supreme Court

*Stephen R. Fitzer* of *Law Offices of Stephen R. Fitzer*, and *Costa M. Pleicones* of *Law Offices of Costa M. Pleicones*, Columbia, *for appellant-petitioner.*

*C. Rauch Wise* and *Joseph M. Pracht*, Greenwood, *for respondent.*

Writ Issued Aug. 24, 1984.

Heard Feb. 4, 1985.

Decided April 2, 1985.

HARWELL, Justice:

This Court granted a writ of certiorari to review the decision of the Court of Appeals, reported at, 281 S. C. 246, 315 S. E. (2d) 126 (1984). The opinion is based upon a legal error and is quashed.

The wife petitioned the family court for a divorce on the ground of adultery and for the incorporation of a property settlement agreement into the decree. The husband alleged by answer that the agreement was unfair and resulted from overreaching by the wife's attorney. He requested the court to void the agreement and to equitably divide the property.

On August 31, 1981, the family court judge granted the parties a divorce but held that the separation agreement was contractual and outside the family court's jurisdiction. The Court of Appeals affirmed.

Prior to *Moseley v. Mosier*, 279 S. C. 348, 306 S. E. (2d) 624 (1983), the jurisdiction of family courts over separation agreements was governed by a quagmire of conflicting cases. However, our analysis of those cases reveals that the family court in the instant case had jurisdiction to determine whether the wife's attorney overrreached the husband, to evaluate the agreement's fairness, and to incorporate it into the divorce decree if fair. *Drawdy v. Drawdy*, 275 S. C. 76, 268 S. E. (2d) 30 (1980); *McKinney v. McKinney*, 274 S. C. 95, 261 S. E. (2d) 526 (1980).

Both parties requested the court to consider the agreement. The wife requested that it be incorporated into the divorce decree; the husband preferred that it be voided. Where one party seeks to incorporate an agreement, and the other seeks to repudiate it, the court must

assume jurisdiction over it. *See Kane v. Kane,* 280 S. C. 479, 313 S. E. (2d) 327 (S. C. App. 1984). Therefore, the family court should have asserted jurisdiction over the agreement. S. C. Code Ann. § 20-7-420(2) (1983 Supp.), effective May 19, 1981.

On remand, the court shall first determine whether to void the agreement on the basis of overreaching by the wife's attorney. If the judge concludes that the husband entered the contract freely and voluntarily, he shall next examine the agreement's fairness under all the circumstances. If the court determines that the husband's generosity toward the wife in the property settlement arose from a desire to quickly get out of the marriage or to atone for past wrongs, he shall weigh these factors heavily. An agreement shall not be voided as unfair merely because the agreement did not divide the property on the basis of the parties' relative incomes and contributions to the marriage. All of the relevant factors must be weighed.

If the court concludes the agreement was fair, he shall incorporate it into the divorce decree; if he finds it to be unfair, under all of the circumstances, he shall void it and equitably divide the property.

Quashed and remanded.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, J.J., concur.