0805

Jean FORSYTHE, Appellant v. Dennis FORSYTHE, Respondent.

(349 S. E. (2d) 405)

Court of Appeals

*Walter Bilbro, Jr.,* of *Walter Bilbro & Associates, P.A.,* Charleston, *for appellant.*

*Joseph S. Mendelsohn,* Charleston, *for respondent.*

Heard June 23, 1986.

Decided Oct. 13, 1986.

MENDENHALL, Acting Judge:

This is an appeal from a Decree of Divorce incorporating a settlement which was reached by the parties on the day of the hearing, read into the record by the wife's attorney, and approved by the trial judge. The wife now seeks to have this agreement set aside. We affirm in part and remand in part.

In summary, the settlement agreement provided that the husband should pay the wife alimony of $300.00 a month for

36 months. She would receive the marital home, encumbered by a mortgage of $64,000.00, with monthly payments of $731.00. The husband would receive a tree farm, not encumbered by a mortgage. Although no value was given for either piece of property, the wife's attorney, in announcing the agreement, stated that it was a case of swapping equities. A joint stock account, the net value of which appears to be $24,500, would be liquidated, the wife receiving $11,000 and the husband, the balance, from which he is to pay marital debts amounting to $18,475.36. He would assume a further debt of $1,655.00; and the wife, a debt of $18,845.00. Child support would be $500.00 a month for 7 months, after which time the older child will have reached 18, when support would be reduced to $300.00 a month. A coin collection and 2 shotguns would be held in trust for the children and given to them at a specified time.

The wife contends the trial judge erred (1) in finding that the agreement was fair, (2) in approving an agreement she did not fully understand or consent to be bound by, and (3) in approving the provisions relating to child support.

The courts of this State have consistently encouraged litigants to reach an extra-judicial agreement on issues arising out of the marital relationship, calling such agreements praiseworthy products which enhance judicial efficiency. *Drawdy v. Drawdy*, 275 S. C. 76, 268 S. E. (2d) 30 (1980). Nevertheless, the trial judge has the duty, first, to determine whether the agreement was entered into freely and voluntarily, and second, to determine whether it was fair. *Funderburk v. Funderburk*, 286 S. C. 129, 332 S. E. (2d) 205 (1985). Moreover, in determining whether an agreement is fair, it is not the task of the Court to decide the rights of the husband and wife as if there had been no agreement, but rather the Court must decide whether the agreement is within the bounds of reasonableness from both a procedural and substantive perspective. *Burnett v. Burnett*, 290 S. C. 28, 347 S. E. (2d) 908 (Ct. App. 1986).

In the present case we find no evidence that the agreement was not freely and voluntarily entered into. Upon being questioned by the trial judge, the wife answered affirmatively that she understood the agreement, had entered into it of her own free will and accord,

was not under duress or fear, and was satisfied with the services of her lawyer. (Although she expressed some reservations about the guns, this matter was cleared up and was, at most, a minor consideration.) We hold that the trial judge properly found that Mrs. Forsythe entered into an agreement freely and voluntarily.

We are also satisfied that the agreement was fair to ▮▮ the wife. A review of the agreement shows that it is within the bounds of reasonableness. However, we are not satisfied that the agreement is fair to the children. The basic right of the minor children to support is not [adversely] affected by an agreement between the parents or third parties as to such support. *Lunsford v. Lunsford,* 277 S. C. 104, 282 S. E. (2d) 861 (1981). The wife earns only $200.00 a month. She will receive $300.00 as alimony and $500.00 a month as child support, a total of $1,000 a month, from which sum she must pay a $731.00 mortgage payment, leaving only $269.00 for all living expenses for herself and the children, including the children's educational expenses. Accordingly, we remand that part of the settlement agreement relating to child support for findings as to its fairness to the children.

Affirmed in part.

Remanded in part.

GARDNER and GOOLSBY, JJ., concur.