## 1108

Dorothy T. POLIN, Respondent v. Irick POLIN, Appellant.

(367 S. E. (2d) 433)

Court of Appeals

*Hans F. Paul*, North Charleston, *for appellant.*

*Ronald A. Schneider*, Charleston Heights, *for respondent.*

Heard Jan. 25, 1988.

Decided March 14, 1988.

SHAW, Judge:

This is an appeal by husband, Irick Polin, from a decree of divorce incorporating a settlement agreement and a subsequent order denying the husband's post-trial motion for a new trial and granting wife, Dorothy T. Polin, attorney's

fees for the post-trial motion. We affirm.

The husband and wife reached a settlement prior to the hearing disposing of all issues surrounding their marital relationship except the divorce. In consideration of the agreement, the wife agreed to not contest the husband's action for divorce on the ground of adultery and did not pursue her action on the grounds of physical cruelty and habitual drunkenness. The agreement further provided the husband would release all persons from all claims arising out of the marriage relationship, including causes of action for alienation of affection and criminal conversation.

■ The husband contends the trial judge erred in approving the settlement agreement. He contends he expressed some uncertainty as to the disposition of a refrigerator but the trial judge coerced him into accepting the agreement.

The record conclusively demonstrates both parties were questioned about the settlement agreement. They both testified they had freely and voluntarily entered into the agreement, they understood it, and they wanted the court to approve it. When the husband expressed reservations about the refrigerator, his attorney informed the court he had "discussed it" with his client. The husband then stated, "I'll just let it go." The trial judge then commented to the husband, ". . . I could hear the whole thing and you might come out worse when I heard it. I don't know. Or, you might come out better. But, you do want to accept the agreement?" At this point the husband testified he freely and voluntarily accepted the agreement.

We find no coercion on the part of the trial judge in this exchange. Rather, the trial judge made every effort to reiterate to the husband his options. The momentary equivocation was recanted by the husband and the trial judge properly found the husband entered into the agreement freely and voluntarily. See *Forsythe v. Forsythe*, 290 S. C. 253, 349 S. E. (2d) 405 (Ct. App. 1986).

■ The husband argues the provision in the agreement wherein he releases third persons from claims arising out of the marriage is void as against public policy. We decline to decide that question as no such claim against a third party has been asserted. Therefore, the issue is not

ripe and a decision by this court would be purely advisory. This court cannot render a declaratory judgment in the absence of an action justiciable controversy. See *Power v. McNair*, 255 S. C. 150, 177 S. E. (2d) 551 (1970).

The husband also contends the trial judge erred in awarding the wife $350 in attorney's fees for defense of the husband's post-trial motion. A trial judge has broad discretion in the award of attorney's fees in a domestic matter. *Edens v. Edens*, 273 S. C. 303, 255 S. E. (2d) 856 (1979). The record reveals the award was reasonable and fair.

All other issues raised by the husband in this case are manifestly without merit and therefore affirmed. S. C. Code Ann. § 14-8-250 (Supp. 1985).

Affirmed.

CURETON and GOOLSBY, JJ., concur.