1217

Eunice H. RAY, Appellant v. Horace Edward Riley RAY, Respondent.

(372 S. E. (2d) 910)

Court of Appeals

*F. Glenn Smith*, Columbia, *for appellant.*

*Richard B. Ness*, Bamberg, *for respondent.*

Heard April 11, 1988.

Decided Sept. 26, 1988.

*Per Curiam:*

Eunice H. Ray commenced this action against her husband, Horace Edward Riley Ray, seeking a divorce on the grounds of physical cruelty, equitable distribution of marital property, alimony, and other relief. She subsequently amended her complaint to allege one year continuous separation as a ground for divorce. Prior to trial the parties reached an agreement as to the division of all household furnishings except guns and tools. The family court granted the divorce on the ground of one year of continuous separation, approved the personal property agreement, identified and divided the remaining marital property, granted the wife permanent alimony, and ordered certain other relief

not material to this appeal. The wife appeals the equitable distribution and alimony awards. We affirm in part, and remand in part.

## I.

The wife argues the trial judge erred in finding that neither party was at fault, in finding that she had removed $22,000.00 in cash from a safe in the marital home, and in valuing a 40 acre tract of land.

Although we have no jurisdiction in a divorce case to find facts based on our own view of the preponderance of the evidence, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their testimony. *Hartley v. Hartley*, 292 S. C. 245, 355 S. E. (2d) 869 (Ct. App. 1987).

The crux of the wife's argument is that the trial judge erred in believing the husband's testimony and the testimony of his witnesses rather than her own. We have reviewed the record and note that there is a conflict in testimony. The trial judge, however, was in a better position to evaluate this testimony, since she was able to hear and observe the witnesses. Thus, her findings will not be disturbed.

## II.

The wife contends that the trial judge erred in failing to find that the marital residence was transmuted to marital property.

Ordinarily, property acquired by one of the spouses during the marriage as a gift from a third party is nonmarital property. *See* Section 20-7-473(1), Code of Laws of South Carolina, 1976, as amended; *Barr v. Barr*, 287 S. C. 13, 336 S. E. (2d) 481 (Ct. App. 1985). In certain circumstances, however, nonmarital property may be transmuted into marital property. *Johnson v. Johnson*, _____ S.C. _____ , 372 S. E. (2d) 107 (Ct. App., 1988).

As a general rule, transmutation is a matter of intent. *Id.* The spouse claiming transmutation must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as common property of the marriage. *Id.* The mere use of separate prop-

erty to support the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation. *Id.*

The parties moved into the marital home in 1971. They substantially remodeled the house—lowered the ceilings, added a bath and utility room, and put in new flooring. At that time the house was owned by the husband's stepmother. In 1976, the husband acquired title to the house as a gift from his stepmother. The parties remained in the home until they separated in 1985.

The wife has failed to show transmutation. At the time of the remodeling, the house was owned by the stepmother; hence any evidence regarding the remodeling efforts cannot be considered as evidence of an intent to transmute the house since it was not the husband's property to transmute. The only evidence of transmutation after the husband acquired title is that the parties lived in the house for nine years. As we have noted, the mere use of nonmarital property to support the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation.

### III.

Next the wife asserts that the trial judge erred in failing to address several crucial factors in making the equitable distribution award.

She complains the trial judge erroneously valued the property at the date of separation rather than the date of filing or commencement of the action as required by Section 20-7-471, Code of Laws of South Carolina, 1976, as amended. She, however, asserts no prejudice, nor does any appear from the record. *See Cumbie v. Cumbie*, 245 S. C. 107, 139 S. E. (2d) 477 (1964) (appellant must show not only error, but resulting prejudice).

She further contends the trial judge erred in failing to value the personal property. Most of the personal property was disposed of by an agreement of the parties. The wife presented no evidence as to the value of the remaining property. The wife cannot fail to offer evidence as to the value at trial, then come to this court asserting error for failure to value the personal property. *See Honea v.*

*Honea,* 292 S. C. 456, 357 S. E. (2d) 191 (Ct. App. 1987).

## IV.

The wife also argues the trial judge erred in his apportionment of the marital property.

Apportionment of marital property is a matter within the sound discretion of the family court, and her ruling will not be reversed on appeal unless a clear abuse of discretion is shown. *Bryan v. Bryan,* _____ S. C. _____ , 372 S. E. (2d) 116 (Ct. App. 1988).

We have reviewed the briefs and records in this case, and we discern no abuse of discretion in the apportionment of the marital property.

## V.

Finally, the wife argues that the trial judge erred in ■ failing to rule on her request to be included on the husband's health insurance.

At trial the husband agreed to further inquire into the possibility of including the wife on his health insurance after the divorce. The trial judge makes no mention of the health insurance in her order. Accordingly, we remand this case for a determination on the issue of health insurance. *See Holme v. Holme,* 287 S. C. 68, 336 S. E. (2d) 508 (Ct. App. 1985).

All other issues raised by the wife in this case are manifestly without merit. Section 14-8-250, Code of Laws of South Carolina, 1976, as amended; *Polin v. Polin,* 295 S. C. 129, 367 S. E. (2d) 433 (Ct. App. 1988).

Affirmed in part, and remanded in part.