**1467**

Junior Lacie PERRY, Appellant v. Gisela PERRY, Respondent.
(390 S.E. (2d) 480)

Court of Appeals

*J. Kevin Holmes* and *Malcolm M. Crosland, Jr.*, both of *Steinberg, Spitz, Goldberg, Pearlman, Holmes & White*, Charleston, *for appellant.*

*J. Ted Kiene*, Charleston, *for respondent.*

Heard Jan. 18, 1990

Decided Feb. 26, 1990.

*Per Curiam:*

Respondent, Junior Lacie Perry, initiated this action against appellant, Gisela Perry, seeking a divorce on the ground of one year continuous separation. He subsequently amended his petition to allege as an additional ground, adultery by Mrs. Perry after the separation of the parties. The family court granted Mr. Perry a divorce on the ground of adultery and found Mrs. Perry forever barred from receiving alimony by reason of her acts. The court also confirmed an oral property settlement agreement entered into by the parties at the time they separated and held each party responsible for his or her own attorney fees.

The issues on appeal are whether the family court erred by (1) finding Mrs. Perry committed adultery and concluding she was thereby forever barred from receiving alimony; (2) failing to make findings on Mrs. Perry's entitlement to support during the period between the date of separation and the alleged adultery; (3) finding the property agreement to be fair and equitable; and (4) failing to award Mrs. Perry attorney fees and costs. We affirm.

The Court of Appeals has jurisdiction in a divorce case to find facts based on its own view of the preponderance of the evidence; however, it is not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their testimony. *Ray v. Ray*, 296 S.C. 350, 372 S.E. (2d) 910 (Ct. App. 1988).

## I

Mrs. Perry argues the finding of adultery is not supported by the preponderance of the evidence. We reject this argument. Robert Perry, the adult son of Mr. Perry from a

previous marriage, lived with Mrs. Perry for a period following the separation. Robert testified that Mrs. Perry committed adultery with two men during the time he stayed with her. Mrs. Perry, the two alleged paramours and the roommate of Mrs. Perry denied any adultery.

Mrs. Perry first contends the trial judge erred by believing the testimony of the adult son of Mr. Perry over the testimony of Mrs. Perry and her witnesses. "We have reviewed the record and note that there is a conflict in testimony. The trial judge, however, was in a better position to evaluate this testimony, since [he] was able to hear and observe the witnesses." *Id.* at 352, 372 S.E. (2d) at 911. He obviously found the testimony of Robert to be more credible. Thus, his findings will not be disturbed.

Mrs. Perry also contends Mr. Perry failed to meet his burden of proof because he "failed to establish a disposition of the wife to commit adultery." "Adultery may be proven by either direct or circumstantial evidence or a combination of the two. Circumstantial evidence is just as good as direct evidence if it is equally convincing and establishes the disposition to commit the offense and the opportunity to do so." *Donahue v. Donahue,* 299 S.C. 353, 357, 384 S.E. (2d) 741, 744 (1989). "State of mind can be inferred from circumstances . . . [and] [t]he same evidence which proves the opportunity can also prove the disposition." *Prevatte v. Prevatte,* 297 S.C. 345, 351, 377 S.E. (2d) 114, 118 (Ct. App. 1989).

Robert testified that one of the alleged paramours stayed at the apartment for "weeks at a time" and generally spent the night in the bedroom with Mrs. Perry on those occasions. Robert testified he occupied the only other bedroom in the apartment and a few times could hear sounds of sexual behavior coming from Mrs. Perry's bedroom. He testified that a second man spent two nights with Mrs. Perry in her bedroom, from which Robert again heard noises indicating sexual behavior. Thus, the disposition of Mrs. Perry to commit adultery "can be inferred from the circumstances in which [s]he was observed." *Id.*

"Moreover, insufficiency of proof should not be allowed to defeat a divorce where the court is fully convinced adultery has been committed and a party has had full opportunity to defend or refute the charge." *Id.* The trial judge was fully

convinced that Mrs. Perry committed adultery. We defer to his judgment.

## II

Mrs. Perry argues, in the alternative, that even if this Court affirms the finding of adultery, the order of the family court should be reversed and remanded for consideration by that court of her right to support prior to the finding of adultery. She contends the trial judge erred by failing to make findings regarding such support. We disagree.

We first note that Mrs. Perry failed to file a motion under S.C.R.C.P. 59(3) for amendment of the decree to consider the issue of pre-adultery support. Thus, the issue is not properly preserved for appeal. *Kneece v. Kneece*, 296 S.C. 28, 370 S.E. (2d) 288 (Ct. App. 1988).

Further, our review of the evidence does not support a finding that Mrs. Perry is entitled to more support than she has already received. The trial court found Mr. Perry paid $27,100 to Mrs. Perry in addition to paying the marital debts of the parties. While both parties testified that Mr. Perry paid support during the period, it is impossible to tell from the record before us the portion attributable to support and the portion attributable to the division of property.[1] Mrs. Perry also failed to include in the record the financial declarations of the parties. Her only testimony of expenses she incurred during the period was for medical and pharmaceutical bills, of which, a significant portion was covered by Mr. Perry's military insurance. "The burden is on the appellant to furnish a sufficient record on appeal from which this Court can make an intelligent review." *Taylor v. Taylor*, 294 S.C. 296, 299, 363 S.E. (2d) 909, 911 (Ct. App. 1987).

## III

Mrs. Perry argues the trial judge erred in finding "the parties entered into a fair and equitable distribution of the

---

[1] Mrs. Perry concedes in her brief that the trial judge never considered what portion of the $27,100 "was for equitable division and how much for the agreed support. In the absence of such consideration, it was impossible for the lower court and remains impossible for this Court to decide the appellant's entitlement to either preadultery support or further entitlement to equitable distribution."

marital assets." She contends the trial judge failed to identify and value the marital assets, failed to make findings regarding the factors applicable to equitable division of marital property and failed to consider her state of mind at the time the parties separated. We find no error in the trial judge's finding that the agreement was fair and equitable.

Both parties testified they agreed to sell the marital home, pay off the marital debts with the proceeds and equally divide the balance; Mr. Perry would provide Mrs. Perry with a car; and she could have her choice of any of the household property. Mrs. Perry also received $5,114.58 from the joint checking account. Mr. Perry retained the balance of the household property and a boat. Mrs. Perry offered no evidence of the identity or value of the household property nor of the value of the car and boat. She cannot fail to offer this evidence at trial, then come to this Court and assert error by the trial court for failing to identify or value the property. *Ray*, 296 S.C. 350, 372 S.E. (2d) 910.

We have reviewed the record and find, as Mrs. Perry maintains, that the trial judge failed to make findings regarding the factors to be considered in equitably dividing marital property. Taking our view of the preponderance of the evidence, however, we find the property agreement to be fair and equitable. We, therefore, affirm the finding of the trial judge.[2] *Id.* at 353, 372 S.E. (2d) at 912. ("appellant must show not only error, but resulting prejudices").

## IV

Mrs. Perry argues the trial court erred by failing to award her attorney fees. An award of attorney fees is a discretionary matter which will not be overturned absent abuse by the trial court. *Donahue*, 384 S.E. (2d) 741. We find no abuse.

For these reasons, the order of the family court is

Affirmed.

---

[2] Mrs. Perry also argues that even if this Court affirms the property agreement, the order should be remanded because Mr. Perry has failed to comply with the terms of the agreement. This issue was not before the trial court, and, thus, is not properly before this Court.