THIS
OPINION HAS NO PRECEDENTIAL VALUE. 
IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT
AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John R. Gentry, III,       
Respondent,
 
 
 

v.

 
 
 
Doris Gentry,       
Appellant.
 
 
 

Appeal From Berkeley County
Jack Alan Landis, Family Court Judge

Unpublished Opinion No. 2005-UP-063
Heard December 14, 2004  Filed January 
 25, 2005

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
Peggy McMillan Infinger, of Charleston, for Appellant.
Joseph Todd Manley, of Moncks Corner, for Respondent.
 
 
 

PER CURIAM:  In this divorce action, the 
 wife, Doris Gentry, appeals the approval of a settlement agreement and the award 
 of attorneys fees to the husband, John R. Gentry, III.  We affirm in part, 
 reverse in part, and remand.
FACTS
The parties married in 1985 and 
 had one child together.  They separated in March 1997.  On April 28, 2003, the 
 husband commenced this action for a divorce based on a one-year separation, 
 sole custody of the minor child, child support, uncovered medical expenses for 
 the minor child, a bar on alimony, and attorneys fees.  He also filed a notice 
 of motion and motion for temporary relief on various issues incident to the 
 divorce.  The wife was served with these documents by certified mail, return 
 receipt requested, on May 16, 2003; however, counsel for the husband admitted 
 at the hearing that he could not produce a signed return receipt.  
The temporary hearing was scheduled for June 9, 
 2003, twenty-four days after the wife received the pleadings.  On June 6, 2003, 
 three days before the hearing, counsel for the husband sent the wife by facsimile 
 a proposed settlement agreement.  The agreement provided the husband would receive 
 most of the marital assets, including the marital home, real property in Aiken, 
 his vehicle, his retirement, and all assets currently in his name and/or possession 
 whereas the wife would receive only her vehicle and all assets currently in 
 her name and/or possession, as well as visitation with the parties child.  
 It further granted the husband sole care, custody, and control of the parties 
 child and required him to pay the childs uncovered medical expenses.  Neither 
 party would be liable for alimony or responsible for the attorneys fees of 
 the other party.  The wife, who was not represented by counsel at the time, 
 signed the agreement at the office of the husbands attorney, apparently just 
 before the hearing took place.  
At the hearing, the wife, still proceeding without 
 counsel, waived her right to object to defects in the service of the summons 
 and complaint.  She also waived her right to respond to the pleadings and agreed 
 to proceed with the final hearing.  After questioning the wife about her understanding 
 of the agreement and taking testimony from the husband, the family court, ruling 
 from the bench, granted the divorce and approved the settlement agreement.  

 Three days after the hearing but before 
 the filing of the final order, the wife retained counsel and filed an answer 
 and counterclaim in which she requested dismissal of the husbands complaint, 
 an equitable apportionment of the marital assets, and attorneys fees and costs.  
 These responsive pleadings were filed within thirty days after the wife received 
 the summons and complaint.  The wifes attorney also requested the family court 
 to reconsider its findings before signing an order approving the agreement. 
  The family court, however, after reviewing counsels request, declined to delay 
 the matter, instructed the husbands attorney to prepare an order granting the 
 divorce and approving the agreement, and advised the wifes attorney to file 
 appropriate post-trial motions.  The final order approving the agreement was 
 filed on July 22, 2003.  
The wife, through her attorney, then moved pursuant 
 to Rule 52(b), SCRCP, for reconsideration of the final order, noting (1) she 
 had only an eighth-grade education and poor reading skills; (2) she had been 
 treated over the last six years for depression, anxiety, and stress; and (3) 
 she was not provided with the husbands financial declaration until she entered 
 the courtroom at the commencement of the temporary hearing.  She further alleged 
 that, because of these circumstances, along with the fact that she did not have 
 an attorney at the hearing, she executed the agreement under duress.  In support 
 of her motion, she submitted two affidavits, one from a vocational consultant 
 and the other from a mental health counselor.  The vocational consultant attested 
 to her tenth-grade reading and comprehension level.  The mental health counselor 
 recounted her history of depression and other impairments and opined that her 
 emotional problems, together with her lack of counsel, caused her to be flooded 
 with anxiety and irrational thinking when she appeared before the family court.  
 The wife also included her own affidavit, in which she alleged she did not receive 
 the husbands financial declaration until the middle of the hearing in the 
 courtroom and, until that time, was unaware of both the husbands income and 
 the property the parties had accumulated during their marriage.  She further 
 alleged that, although she had reservations during the hearing about the husbands 
 financial declaration, she felt intimidated by the courtroom setting and was 
 afraid to reveal her concerns to the court.
The family court issued an order denying the motion 
 and granting the husband $1,292.29 in attorneys fees and costs.  The order 
 noted these costs were incurred by the husband in defending the motion.  
LAW/ANALYSIS
In the interest of judicial efficiency, 
 the courts of this State have consistently encouraged litigants to reach agreements 
 on issues arising out of the marital relationship. [1]   Before approving an agreement, however, the family court must 
 ascertain that both parties have entered into the agreement freely and voluntarily and examine the 
 fairness of the agreement under all the circumstances. 
 [2] 
1.  We disagree with the wifes assertion of error 
 in the family courts determination that she entered into the settlement agreement 
 freely and voluntarily.  In denying the wifes Rule 52(b) motion, the family 
 court, after reviewing the transcript of record from the hearing, found the 
 wife gave responses indicating that she understood the legal proceedings and 
 terms of the agreement, entered into the agreement freely and without coercion, 
 and fully understood the consequences of the agreement.  After reviewing the 
 record, we find no reason to hold otherwise. [3] 
In our view, the affidavits the wife submitted, when 
 considered with what transpired at the family court hearing, do not warrant 
 a finding that she lacked the capacity to agree to the terms of the settlement. 
 [4]   In response to the courts inquiry as to whether she had entered into 
 the agreement freely and voluntarily, the wife answered unequivocally in the 
 affirmative.  She further acknowledged, without any apparent hesitation, that 
 (1) no one had forced her to enter into the agreement against her will; (2) 
 both at the time she signed the agreement and at the time of the hearing, she 
 was not under the influence of drugs, alcohol, medication, stress, illness, 
 or anything else that would have compromised her ability to understand either 
 the agreement or the proceedings that were taking place; and (3) she had enough 
 time to see an attorney had she desired representation and understood that the 
 husbands attorney did not represent her.  The family court found these responses 
 adequate to support its determination that the wife freely and voluntarily entered 
 into the settlement agreement, and we see no reason not to defer to this finding. [5]   In particular, we note that 
 the wife had three days to review the separation agreement outside the presence 
 of both the husband and his attorney before she voluntarily went alone to the 
 office of the husbands attorney to sign the agreement.
2.  We agree, however, with the wife that the family court 
 should have held a hearing after she timely filed her answer and counterclaim 
 to determine if the agreement was fair and reasonable under the circumstances.
We find instructive the early decision of Drawdy 
 v. Drawdy, [6] wherein the 
 supreme court discussed the responsibility of the family court when asked to 
 approve a separation agreement:

We think it incumbent on the family court, where 
 one party seeks to enforce and the other to repudiate a property settlement 
 agreement to be incorporated into a subsequent divorce decree, to satisfy itself 
 the agreement is a fair contractual end to the parties marital claims.  This 
 cannot be done without examining the agreement in light of the economic circumstances 
 and contributions of each party. 
 [7]   

The divorce decree in this case states the agreement 
 is substantively fair and reasonable to the parties in light of their testimony; 
 however, it does not explain why the family court found such a disproportionate 
 division of marital assets to be equitable.  The comments made from the bench 
 by the presiding family court judge do little if anything to remedy this lack 
 of information, let alone show that the agreement was examined in light of the 
 economic circumstances and contributions of both the husband and the wife.  
 The wife, then, having timely filed an answer and counterclaim, should have 
 been given the opportunity to present testimony on the allegations in her pleadings 
 concerning equitable apportionment and attorneys fees and costs, particularly 
 her claims that she made material and non-material contributions to the acquisition 
 of the assets of the marriage.
3.  Finally, the wife argues the family court erred 
 in awarding the husband attorneys fees for defending her post-trial motion.  
 In view of the beneficial results she obtained in this appeal, we remand this 
 issue to the family court for further consideration. [8]   
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HEARN, C.J., and GOOLSBY and WILLIAMS, JJ., 
 concur.

 
 
 [1]   Forsythe v. Forsythe, 290 S.C. 253, 255, 349 S.E.2d 405, 
 406 (Ct. App. 1986).

 
 
 [2]   Funderburk v. Funderburk, 286 S.C. 129, 131, 332 S.E.2d 
 205, 206 (1985).

 
 
 [3]   See Cox v. Cox, 296 S.C. 414, 415, 373 S.E.2d 694, 
 694 (Ct. App. 1988) (Although we have jurisdiction in divorce cases to find 
 facts based on our own view of the evidence, we are not required to disregard 
 the findings of the trial judge who saw and heard the witnesses and was in 
 a better position than we are to evaluate their testimony.).

 
 
 [4]   See Wilson v. Ball, 337 S.C. 493, 497, 523 S.E.2d 
 804, 806 (Ct. App. 1999) (noting the burden of proof to establish incompetency 
 is generally on the party alleging its existence).

 
 
 [5]   See Polin v. Polin, 295 S.C. 129, 130, 367 S.E.2d 
 433, 434 (1988) (rejecting the appellants claim that he had not agreed to 
 a property settlement freely and voluntarily and noting that both parties 
 acknowledged otherwise at trial). 

 
 
 [6]   275 S.C. 76, 268 S.E.2d 30 (1980).  Although the supreme court decided 
 Drawdy before issuing its landmark decision in Moseley v. Mosier, 
 279 S.C. 348, 306 S.E.2d 624 (1983), we have found no reason to believe that 
 Moseley or any subsequent decision has abrogated the duty of a family 
 court to ascertain that a separation agreement is fair before approving it.

 
 
 [7]   Drawdy, 275 S.C. at 77, 268 S.E.2d at 30 (emphasis added).

 
 
 [8] See Sexton v. Sexton, 310 S.C. 501, 503, 427 S.E.2d 
 665, 666 (1993) (wherein the supreme court reversed this courts affirmance 
 of an attorneys fee award in a divorce case, noting that the petitioner had 
 prevailed on numerous issues when the court of appeals decided the matter).