**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sherry Slate Fortenberry, Respondent,

v.

Brian Keith Fortenberry, Appellant.

Appellate Case No. 2011-196668

_____

Appeal From York County
Henry T. Woods, Family Court Judge

_____

Unpublished Opinion No. 2013-UP-364
Heard September 10, 2013 – Filed October 2, 2013

_____

**AFFIRMED**

_____

Thomas Franklin McDow, IV and Erin K. Urquhart, Law
Office of Thomas F. McDow, both of Rock Hill, for
Appellant.

Bruce M. Poore, of Rock Hill, for Respondent.

_____

**PER CURIAM:** Keith Fortenberry appeals the family court's decree of divorce, arguing the court erred by (1) not addressing whether Sherry Fortenberry's attorney improperly disbursed the net proceeds from the sale of the marital home; (2) not making findings of fact regarding Sherry's adultery; (3) using the minimum number of overnight visits in calculating child support based on a shared custody

adjustment; (4) equally dividing the proceeds from the sale of the marital home; (5) including Sherry's bankruptcy debt in its equitable apportionment; (6) not determining whether Sherry's reaffirmation of her vehicle debt in bankruptcy court created a non-marital debt; (7) awarding the Remington rifle to Sherry without crediting Keith with the value of the rifle; (8) awarding Sherry attorney's fees without making findings to support the award; and (9) ordering the parties to pay half of the fee owed to the guardian ad litem (GAL) without making findings to support the award. We affirm.

To the extent Keith claims Sherry's attorney lacked the authority to disburse the net proceeds from the sale of the marital home, we find the decree of divorce constitutes a court order authorizing his actions. We need not address Keith's argument that this disbursement affects his ability to recover these funds if he prevails on appeal because we affirm all issues on appeal. *See Arnal v. Arnal*, 363 S.C. 268, 288 n.8, 609 S.E.2d 821, 831 n.8 (Ct. App. 2005) (declining to address an issue when disposition of prior issues was dispositive).

Keith argues the family court erred by not making a finding regarding Sherry's adultery. We disagree that this was error because such a finding would not affect the outcome of this case. The court granted the parties what they sought—a divorce—and "granting a divorce . . . on the grounds of adultery would not dissolve the marriage any more completely." *Griffith v. Griffith*, 332 S.C. 630, 642, 506 S.E.2d 526, 532 (Ct. App. 1998). Additionally, we find Keith abandoned any argument concerning the grounds for divorce. *See Pittman v. Pittman*, 395 S.C. 209, 219, 717 S.E.2d 88, 93 (Ct. App. 2011) (holding appellant abandoned issue by failing to provide arguments or supporting authority). We also find Keith waived the argument that adultery affects equitable apportionment because he consented to an equal division of the marital property at trial. *See Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 45-46, 691 S.E.2d 135, 147 (2010) (declining to review an issue when appellant conceded it at trial).

As to whether a finding of adultery affects the award of attorney's fees, "[a] party's fault in causing a divorce . . . is not a factor to be considered when awarding attorney's fees." *Doe v. Doe*, 370 S.C. 206, 219, 634 S.E.2d 51, 58 (Ct. App. 2006). Although fault can be considered if substantial fees and costs "would not have been incurred but for [a party]'s fault in the breakdown of the marriage," *Reiss v. Reiss*, 392 S.C. 198, 211, 708 S.E.2d 799, 806 (Ct. App. 2011), (1) we find the adultery occurred post-separation and thus did not cause the breakdown of the

marriage,[1] s*ee Martin v. Martin*, 296 S.C. 436, 442, 373 S.E.2d 706, 710 (Ct. App. 1998) (finding it appropriate not to consider fault when wife's post-separation adultery did not affect the marriage), and (2) there is no evidence Sherry's adultery caused an increase in the cost of litigation. In fact, her admission of adultery minimized litigation costs by obviating any investigation into the existence of adultery. A finding of adultery would also not affect the award of the GAL's fee.[2] *See Doe*, 370 S.C. at 220, 634 S.E.2d at 59 (stating the same factors applicable to awarding attorney's fees also apply to awarding litigation expenses).

In calculating child support based on the shared custody adjustment, Keith argues the family court should have made an exact determination of the amount of overnight visits. We find that as a practical matter, the visitation schedule does not allow for such a determination because the number of overnight visits is subject to change depending on (1) Keith's work schedule, (2) how the parties decide to share Thanksgiving and spring break holidays, and (3) what weeks Keith chooses for summer visitations. Regarding the court's use of 110 overnight visits—the minimum number of visits possible under the visitation schedule—we find no error. The family court may apply the shared custody adjustment when each parent has more than 109 overnight visitations per year. S.C. Code Ann. Regs. 114-4730(A) (2012). The adjustment reduces a non-custodial parent's child support obligation in proportion to the amount of visitation awarded because the non-custodial parent will likely pay for most of the children's needs during this time. Roy T. Stuckey, *Marital Litigation in South Carolina*, 605-06 (3d ed. 2007); *see also Floyd v. Morgan*, 375 S.C. 246, 254, 652 S.E.2d 83, 88 (Ct. App. 2007), *rev'd on other grounds*, 383 S.C. 469, 681 S.E.2d 570 (2009). Thus, the court's use of the minimum number of overnight visits increased Keith's support payments. However, we find the court did not err because using 110 overnight visits safeguards against Sherry receiving an insufficient amount of child support, which is in the best interest of the children. *See* Reg. 114-4730(A) (stating family court must ensure that using the adjustment "does not produce a substantial negative effect on the child(ren)'s standard of living").

---

[1] Although the GAL testified Sherry's affair had an impact on the separation, the family court was entitled to decide otherwise. *See Shirley v. Shirley*, 342 S.C. 324, 339, 536 S.E.2d 427, 435 (Ct. App. 2000) ("The role of the [GAL] . . . is to aid, not direct, the court. Ultimately, the . . . decision lies with the trial judge.").

[2] While there is evidence the GAL's fee may have increased based on the GAL's investigation into the extent of the affair before separation, there is no evidence this investigation substantially increased the fee.

As to the court's equitable apportionment of the marital estate, we disagree that the family court erred by equally dividing the proceeds from the sale of the marital home, although its initial instructions for preparation of the decree of divorce stated otherwise.  *See McComb v. McComb*, 394 S.C. 416, 426, 715 S.E.2d 662, 667 (Ct. App. 2011) (stating "[u]ntil written and entered, the trial judge retains discretion to change his mind and amend his . . . ruling" (citation omitted)).  As to the court's apportionment of Sherry's $5900 bankruptcy debt, we find Keith did not meet his burden of proving what portion of the debt was non-marital.  *See Wooten v. Wooten*, 364 S.C. 532, 547, 615 S.E.2d 98, 105 (2005) (stating the burden of proving a debt incurred prior to marital litigation is non-marital rests on the party who makes that assertion).  We also affirm because Keith failed to produce a record on appeal that enables this court to determine what amount of the debt was non-marital.  *See Perry v. Perry*, 301 S.C. 147, 151, 390 S.E.2d 480, 482 (Ct. App. 1990) (stating appellant must provide "a sufficient record on appeal from which this Court can make an intelligent review"); *see also Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) (affirming because appellant "failed to provide a sufficient record").

We do not address whether Sherry's reaffirmation of her vehicle's debt in bankruptcy court created a non-marital debt because Keith never argued this at trial.  *Lucas v. Rawl Family Ltd. P'ship*, 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004) (stating appellate court cannot address an issue not raised to and ruled upon by the family court).

As to Keith's argument that the family court erred in awarding the rifle to Sherry because doing so was contrary to the court's instructions regarding preparation of the decree of divorce, we find no error.  *See McComb*, 394 S.C. at 426, 715 S.E.2d at 667.  Also, because Sherry requested possession of the rifle and Keith affirmatively stated he had no objection, there is no basis to claim the court did not intend to grant her request.  Regarding Keith's assertion that he never received credit for giving the rifle to Sherry, Keith failed to provide a record on appeal sufficient to enable this court to determine whether he is owed a $300 credit, *see Perry*, 301 S.C. at 151, 390 S.E.2d at 482, and if so, whether an error of the court caused this result.  S*ee Doe*, 370 S.C. at 217, 634 S.E.2d at 57 (declining to address a conclusory argument that failed to show how the family court erred).

Keith argues the family court erred in awarding Sherry $2500 in attorney's fees without making findings regarding the factors to support the award.[3] We agree with Keith that the court did not address each of the factors for entitlement to attorney's fees, *see E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (listing factors for entitlement to attorney's fees), and that in this respect the court's order failed to "set forth specific findings of fact" in accordance with Rule 26(a), SCRFC. However, reversal is not necessary because the appellate court may make its own findings of fact if the record on appeal is sufficient to allow the court to do so. *Haselden v. Haselden*, 347 S.C. 48, 66, 552 S.E.2d 329, 338 (Ct. App. 2001). The family court found Sherry prevailed on the main issue at trial and found neither party had the means to pay a substantial award of attorney's fees. Based on these findings and the record on appeal, we find Sherry was entitled to attorney's fees. Although Sherry earns approximately $775 more than Keith on a monthly basis, the court required her to provide medical insurance and day care for the children, totaling $1,183 per month, which is more than Keith's child support and dental insurance payments of $742. Also, the court ordered the attorney's fee award to be paid from the proceeds of the sale of the home, and thus the award should have little effect on Keith's current standard of living or his financial condition.

As to the GAL's fee, Keith argues the family court erred in ordering the parties to pay half the GAL's fee. Although the family court did not make findings regarding the factors to support the award, and to that extent the court erred, the record on appeal is sufficient to allow this court to make these findings. *See Haselden*, 347 S.C. at 66, 552 S.E.2d at 338. As discussed above, the award should have little effect on the parties' current standard of living and respective financial conditions because it was paid from the parties' shares of the proceeds of the sale of the home. Second, dividing the fee equally is reasonable. *See Marquez v. Caudill*, 376 S.C. 229, 250, 656 S.E.2d 737, 747 (2008) (affirming the family court's equal division of the GAL's fee because it was reasonable). Keith argues we should remand the issue because the record does not contain the amount of the GAL's fee. However,

---

[3] Keith appeals only Sherry's entitlement to attorney's fees, not the amount awarded. Thus, we need not address the reasonableness of the fee. *See Simpson v. Simpson*, 377 S.C. 527, 539, 660 S.E.2d 278, 285 (Ct. App. 2008) (addressing only entitlement to attorney's fees when appellant appealed the propriety of awarding the fee, not the reasonableness of the amount).

Keith had the burden to include this amount in the record, which he failed to do.[4] *See Perry*, 301 S.C. at 151, 390 S.E.2d at 482. Giving deference to the court's finding that the fee was reasonable and considering Keith's failure to provide a sufficient record, we affirm and find the court acted within its discretion in dividing the GAL's fee equally between the parties.

Finally, the record supports the court's finding that "Neither party contested the fee statement submitted by the GAL." According to the record, neither party objected to the GAL's fee at trial, and Keith did not contest the amount or move for a fee affidavit in his 59(e), SCRCP, motion. He argues the court erred in making this finding because the GAL did not submit a fee statement at trial, which provided him no opportunity to contest the fee. We find that no error of the court caused this result, as Keith did not ask the GAL to submit a fee statement at trial, request a final billing from the GAL, or request a hearing before the court on the issue. *See Thomson v. Thomson*, 377 S.C. 613, 625, 661 S.E.2d 130, 136-37 (Ct. App. 2008) ("[A] party cannot sit back at trial . . . then come to this Court complaining of the insufficiency of the evidence to support the family court's findings." (alteration in original) (citation omitted)).

**AFFIRMED.**

**FEW, C.J., KONDUROS and LOCKEMY, JJ., concur.**

---

[4] Although Keith claims that "[t]o this day, [he] does not know the amount of the [GAL]'s fee," he does not contest Sherry's assertion that the GAL issued interim billings throughout litigation and sent out his final billing at the conclusion of trial.